
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSEP N. DE PAZ SALES, AKA Josep De Paz, | No.   19-72450 |
| Petitioner, | Agency No. A207-001-533 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2020**
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Josep N. De Paz Sales petitions for review of a decision of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's) denial of

his application for asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 28 U.S.C. § 1252, and we grant the petition.

1. The BIA agreed that family membership could be a protected ground. However, it affirmed the IJ's denial of asylum and withholding of removal solely on the ground that De Paz Sales had failed to show his future persecution would be "on account of" family membership instead of as part of general gang violence. Substantial evidence compels the contrary conclusion.

Barrio 18 has killed all seven of De Paz Sales' male cousins in Guatemala. Although two female relatives, his grandmother and cousin, remain unharmed, the record reflects that gangs target men and women differently. Two experts explained that while Barrio 18 targets whole families in general, the seven murders indicate that Barrio 18 is targeting De Paz Sales' family in particular. De Paz Sales' grandmother and cousin confirm that Barrio 18 actively investigates familial affiliations. After De Paz Sales' male cousin was returned to Guatemala from New York, Barrio 18 quickly discovered his family ties and murdered him.

This court has reversed adverse nexus determinations on far less evidence. *See, e.g.*, *Shoafera v. INS*, 228 F.3d 1070, 1074 (9th Cir. 2000) (petitioner showed nexus because she credibly testified that she was raped on account of her ethnicity); *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (petitioner

2

showed nexus where she had stated her political opposition and guerillas "g[o]t mad" and pointed a gun at her), *superseded by statute on other grounds as stated by Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009).

The BIA did not reach the questions whether extraordinary circumstances excused De Paz Sales' late-filed asylum application or whether the particularly serious crime bar applied to his asylum and withholding of removal claims. We remand to the BIA to decide in the first instance whether either bar applies. *See INS v. Ventura*, 537 U.S. 12 (2002) (per curiam).

2. De Paz Sales is entitled to relief under CAT if "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Torture is defined as "any act by which severe pain or suffering" is inflicted on a person for various reasons, "when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1). "In making a CAT decision, the regulations state, 'all evidence relevant to the possibility of future torture shall be considered.'" *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (citing 8 C.F.R. § 1208.16(c)(3) and adding emphases). "In particular, where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence." *Id.* at 772.

3

The BIA affirmed the denial of CAT relief, noting that it affirmed "in particular" the IJ's finding that De Paz Sales could reasonably relocate to avoid torture. In doing so, the BIA improperly placed the burden on De Paz Sales. *Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017) ("[T]he petitioner does not bear the burden under 8 C.F.R. § 1208.16(c)(3) to show that it is impossible to avoid torture by internally relocating within a country."). Further, record evidence shows that De Paz Sales likely could not safely relocate to a different area in Guatemala. Both experts testified without contradiction that it would be extremely difficult for De Paz Sales to safely find work anywhere in Guatemala because the gang was well established throughout the country. The IJ and BIA failed to mention, let alone "give reasoned consideration" to, the statements of both experts that Barrio 18 monitors airports, marks deportees from the United States upon their reentry into the country, distributes that information across sophisticated communication networks, and follows them into the city.

The record compels a conclusion that the government would acquiesce to future torture of De Paz Sales, and that he faces a clear likelihood of torture. Although the IJ cited the fact that torture is illegal in Guatemala, "[t]hat a country's [laws] prohibits torture does not establish that the country does not torture people." *Cole*, 659 F.3d at 773 n.8; *see also Nuru v. Gonzales*, 404 F.3d 1207, 1222 (9th

4

Cir. 2005). Evidence of record establishes that Guatemalan officials are aware that significant gang violence occurs where De Paz Sales's family lives and that officials are "willful[ly] blind[]" to it by choosing not to intervene. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194–96 (9th Cir. 2003) (citation omitted).

We hold that De Paz Sales is entitled to relief under CAT. We remand for a determination on the type of CAT relief available to him. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).[1]

**GRANTED** and **REMANDED.**

---

[1] Petitioner's motions for a stay of removal [DE 5, 10] are DENIED as moot.